Cheshire, } No. 3964.
Dec. 5, 1950. }

GENE GOWING *v.* DOROTHY V. BELL.

*Howard Lane* (by brief and orally), for the plaintiff.

*Chretien & Craig* and *Dunlap, Holmes, Ross* and *Woodson* of California (*Mr. Chretien* orally), for the defendant.

BLANDIN, J. The defendant raises no question as to the propriety of declaratory judgment proceedings here and the cause being plainly presented we shall grant the appropriate remedy. *Faulkner* v. *Keene*, 85 N. H. 147, 156.

The defendant contends that the instrument is invalid, arguing that purporting to lease for a term of years and thereby conveying an interest in land, it must be in writing signed by the party to be charged under R. L., c. 259, s. 15, and also under R. L., c. 383, s. 1, known as the statute of frauds. She further claims that the lease is lacking in four other essentials; first, that the parties are inadequately described; second, that the premises cannot be identified with sufficient certainty; third, that the term is indeterminate; and fourth, that there is uncertainty as to the rent. The plaintiff concedes it is the law that these requirements must be met. Taking up the question first as to the parties it appears they are sufficiently identified. Each is described in the agreement as owner of certain property and each has signed individually as owner of such property. We believe it is plain as to who the contracting parties are and that this requirement is fairly met.

The defendant's second objection that the premises are not identified cannot be sustained. In describing the property as "Bell Studios" there is a clear reference to certain premises. Viewing all the circumstances here it seems reasonably certain what premises were meant, and this is sufficient. *Gilbert* v. *Tremblay*, 79 N. H. 431, 432, 433; *White* v. *Poole*, 74 N. H. 71, 73.

We now come to the objections that there is uncertainty as to the term and the rent and that the memorandum does not satisfy the statute of frauds. The lease states the term is to be for five years from date and that the amount of rent is to be later agreed upon. No objection to this feature of the instrument appears. *Dunlap* v. *Foss*, 82 N. H. 449, 450. The plaintiff in a letter written and signed subsequent to executing the lease suggested the amount of rent and the months for which it was to be paid. To this suggestion the defendant replying by a signed letter agreed. These memoranda appear to satisfy both the law relative to leases and the statute of frauds. *Huot* v. *Janelle*, 95 N. H. 10. The property being leased by the plaintiff to run a summer school, as admitted by the demurrer (*Barnard* v.

*Insurance Company*, 88 N. H. 292) the reason for the apportionment of rent seems obvious. This involves no contradiction of the stipulation that the lease is to run for five years, a fact which is further evinced by the plaintiff's undertaking to pay taxes and insurance on the premises for the entire term. It appears to us that all the requisites of a valid lease for a term of years exists and the order must be

*Demurrer overruled.*

All concurred.